IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CASTELLINI COMPANY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| FRESH UNLIMITED, INC. d/b/a Freshway Foods, | ) |
| | ) |
| Intervenor Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-110-NJR-RJD |
| | ) |
| HAAG FOOD SERVICE, INC. a/k/a Haag Foods & Poultry, Inc., JACK E. GARCIA, LOIS A. GARCIA, and MIDLAND STATES BANK, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court are various motions to dismiss the First Amended Complaint and First Amended Complaint in Intervention (Docs. 31, 32, and 48), and a Motion for Default Judgment (Doc. 43). Plaintiff Castellini Company, LLC ("Castellini") and Intervenor Plaintiff Fresh Unlimited, Inc. d/b/a Freshway Foods ("Freshway") have brought suit against Defendants Haag Food Service, Inc. a/k/a Haag Foods & Poultry, Inc. ("Haag Food"), Jack E. Garcia and Lois A. Garcia, individually and in their corporate capacities ("Garcia Defendants"), and Midland States Bank ("Midland") (*See* Docs. 18 and 40), relating to their rights as beneficiaries to the statutory trust created under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e, *et seq*.

PACA was enacted to protect and promote fair trade in the fruit and vegetable industry. *See American Banana Co., Inc. v. Republic Nat. Bank of New York, N.A.*, 362 F.3d 33, 36 (2d Cir. 2004). It protects the interests of sellers of perishable agricultural commodities by requiring purchasers to hold the proceeds of these products in trust for the benefit of unpaid suppliers until full payment has been made. *See* 7 U.S.C. § 499e(c)(1)-(2); *see also Patterson Frozen Foods, Inc. v. Crown Foods Int'l, Inc.*, 307 F.3d 666, 669 (7th Cir. 2002). This trust provision grants unpaid suppliers a priority position over other creditors, including secured creditors. *See Patterson*, 307 F.3d at 669. PACA grants district courts jurisdiction to hear "actions by trust beneficiaries to enforce payment from the trust." 7 U.S.C. § 499e(c)(5)(i). "When trust assets are held by a third party, resulting in the failure of the trustee to pay unpaid sellers of perishable agricultural commodities, the third party may be required to disgorge the trust assets unless the third party can establish that it has some defense, such as having taken the assets as a bona fide purchaser without notice of the breach of trust." *Nickey Gregory Co., LLC v. Agricap, LLC*, 597 F.3d 591-595-96 (4th Cir. 2010).

**FACTUAL & PROCEDURAL BACKGROUND**

On January 29, 2016, Castellini, a seller of perishable agricultural commodities (*i.e.* produce), filed a Complaint, and subsequently amended that complaint on March 8, 2016 (*See* Docs. 1, 18). In the Amended Complaint, Castellini alleges that, between May 3, 2015 and January 19, 2016, it sold and delivered $150,651.16 worth of produce to Haag Food and the Garcia Defendants, but has not been paid for the produce that was delivered (Doc. 18, p. 4). Haag Food was a dealer and commission merchant of wholesale quantities of perishable agricultural commodities (Doc. 18, p. 3). The Garcia Defendants were owners, officers and/or directors of Haag Food during that time (*Id.*). Castellini alleges that it

included on each of its invoices the requisite statutory language notifying these Defendants that Castellini was preserving its rights as a beneficiary to the statutory trust which was created under PACA when Defendants accepted delivery of the produce (*Id*. at p. 4). Castellini also contends that Haag Food and the Garcia Defendants have failed to maintain the trust assets in order to pay Castellini and thus have violated their statutory duties as trustees (*Id*. at p. 6-8). Castellini also brings a claim for priority/disgorgement of trust assets against Midland (*Id*. at p. 9).

On February 26, 2016, Freshway sought to intervene as a matter of right in the action, asserting claims that mirrored Castellini's claims (Doc. 14). On May 11, 2016, the Court granted Freshway's Motion to Intervene (Doc. 37). On May 19, 2016, Freshway filed its Complaint in Intervention (Doc. 39), and subsequently amended it on May 20, 2016 (Doc. 40). Freshway alleges in the First Amended Complaint in Intervention that, between October 30, 2015 and December 2, 2015, Freshway sold $86,925.73 of produce to Haag Food and the Garcia Defendants on account for which it has not been paid (Doc. 40, p. 3). Freshway alleges that it included on each of its invoices the requisite statutory language necessary to preserve its claim as a beneficiary to the statutory trust created under PACA. *See* 7 U.S.C. § 499e(c)(3) and (4) (*Id*. at p. 4). Thus, Freshway argues that it is also a beneficiary of Defendants' PACA statutory trust. Freshway also brings a claim for priority/disgorgement of trust assets against Midland (Doc. 40, p. 8).

On April 13, 2016, Castellini moved for a Clerk's Entry of Default against Haag Food, on the basis that no answer or responsive pleading had been filed within the requisite time by this defendant (Doc. 29). On April 14, 2016, the Clerk entered a Rule 55(a) default against Haag Food (Doc. 30). On May 31, 2016, Castellini followed up with a Motion for Default

Judgment pursuant to Rule 55(b), along with various affidavits in support (Docs. 43, 44, and 45). The Garcia Defendants have filed a Response in Opposition to the Motion for Default Judgment, to which Castellini filed a Reply (*See* Docs. 50 and 51).

On April 25, 2016, the Garcia Defendants filed a Motion to Dismiss as to Counts IV and VII of Castellini's First Amended Complaint (Doc. 31). On May 2, 2016, Midland filed a Motion to Dismiss as to Count VII of Castellini's First Amended Complaint. Both motions have been fully briefed (*See* Docs. 38, 42, and 46). On June 9, 2016, Midland filed a Motion to Dismiss Count VII of Freshway's First Amended Complaint in Intervention (Doc. 48). That motion has also been fully briefed (*See* Doc. 52).

Thus, there are currently four motions pending before the Court. The Court will address each motion separately.

## RELEVANT LEGAL STANDARDS

### I. Federal Rule of Civil Procedure 12(b)(1)

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). District courts may, however, "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656-657 (7th Cir. 2008). "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 289 U.S. 178, 189 (1936)).

### II. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss for failure to state a claim on which relief can be granted under Rule 12(b)(6), the district court's task is to determine whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Khorrami v. Rolince*, 539 F.3d 782, 788 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The Court of Appeals for the Seventh Circuit has clarified that, "[e]ven after *Twombly*, courts must still approach motions under Rule 12(b)(6) by 'constru[ing] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor.'" *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009), *cert. denied*, --- U.S. ----, 130 S. Ct. 1141 (2010) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

**ANALYSIS**

**I.    The Garcia Defendants' Motion to Dismiss Counts IV and VII of Castellini's First Amended Complaint (Doc. 31)**

The Garcia Defendants argue that Count IV should be dismissed under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure because there is no "case or controversy" with respect to that count, the matters alleged are not ripe for determination, said count seeks an advisory opinion, and the Court lacks jurisdiction as to this count. The Garcia Defendants also argue that Count VII must be dismissed because there is no independent cause of action for attorneys' fees under PACA.

**A. Count IV**

Count IV of Castellini's First Amended Complaint alleges Breach of Fiduciary Duty/Non-Dischargeability pursuant to 11 U.S.C. § 523(a)(4) of the Bankruptcy Code against Defendant Haag Food and the Garcia Defendants. Specifically, Castellini alleges that Defendants, in breach of their fiduciary obligations arising under PACA, directed the

disbursement of trust funds for purposes other than making full and prompt payment to Castellini as required by PACA, 7 U.S.C. § 499b(4), "thereby heightening liability herein to a state of non-dischargeability pursuant to 11 U.S.C. § 523(a)(4)." (Doc. 18, p. 8).

The jurisdiction of federal courts is limited by the "case or controversy" requirement of the United States Constitution. U.S. CONST. art III, § 2; *Myers v. Nicolet Restaurant of De Pere, LLC,* No. 16-2075, 2016 WL 7217581, at *2 (7th Cir. Dec. 13, 2016) ("The Supreme Court has consistently recognized that '[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'"). This precludes federal courts from rendering advisory opinions as to a possible future controversy.

Castellini requests a declaration that the alleged debt of Haag Food and the Garcia Defendants is non-dischargeable in bankruptcy under 11 U.S.C. § 523(a)(4). Section 523(a)(4) provides that a debtor will not receive a discharge under Bankruptcy Code Section 727 for a debt that is the result of the debtor's fraud or defalcation while acting in a fiduciary capacity. Here, the First Amended Complaint does not allege that Haag Food and the Garcia Defendants are involved in a pending bankruptcy proceeding. As such, the Court lacks jurisdiction to determine whether certain debts would be dischargeable in bankruptcy. *See In re Zois*, 201 B.R. 501, 510 (N.D. Ill. 1996) ("Original jurisdiction to determine dischargeability under the Bankruptcy Code arises in the District Court only when a bankruptcy proceeding is filed."); *see also In re Gibbs*, 107 B.R. 492, 497 (D.N.J. 1989) ("There is no provision in title 28, title 11 or elsewhere in the law which authorizes any federal court to exercise jurisdiction over any proceeding arising under title 11, or over any other bankruptcy issue, until a bankruptcy case is commenced by the filing of a petition."). Accordingly, the Court finds it

appropriate to dismiss Count IV without prejudice, to the extent that it requests a declaration that the alleged debt of Haag Food and the Garcia Defendants is non-dischargeable in bankruptcy under 11 U.S.C. § 523(a)(4).[1]

### B. Count VII

In Count VII of the First Amended Complaint, Castellini asserts a claim against all defendants for interest and attorneys' fees based upon the terms of sale on each invoice (Doc. 18, p. 10). In addition to doing so, Castellini alleges within the PACA counts that Haag Food and the Garcia Defendants violated PACA and breached the contracts which provided the statutory language notifying the buyer that the seller/supplier was preserving its rights as a beneficiary to the PACA statutory trust, plus interest and attorneys' fees.

PACA does not itself create a right to attorneys' fees or interest, but where the parties' contracts include such terms, courts have found that they may be awarded. *See Country Best v. Christopher Ranch, LLC*, 361 F.3d 629, 631 (11th Cir. 2004) (holding that attorneys' fees and interest that buyers and sellers have bargained for in their contracts can be awarded as "sums owing in connection with" perishable commodities transactions under the PACA statute); *see also Middle Mountain Land and Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1224 (9th Cir. 2002) ("it cannot be contended seriously that interpreting PACA claims to include contractual rights to attorneys' fees and interest under the "in connection with" language of the statute is contrary to the statute's purpose, absurd, or 'demonstrably at odds with the intentions of the drafters.'"); *see also C.H. Robinson Worldwide, Inc. v. Auster Acquisitions, LLC*, No. 11 C 105, 2011 WL 4808174, at *2 (N.D. Ill. Oct. 11, 2011); *see also Brutyn, N.V. v. Anthony Gagliano Co. Inc.*, No. 04-C-527, 2007 WL 1959178, at *20 (E.D. Wisc. July 2,

---

[1] Moreover, the Court notes that an action to determine the dischargeability of a debt is normally referred to a bankruptcy judge pursuant to 28 U.S.C. § 157 and Local Rule BR1001.1.

2007).

Here, Count VII does not set forth a separate cause of action. Instead, Castellini seeks within Count VII to enforce remedies to which it is entitled under the contracts and PACA. Thus, the Court finds that Count VII fails to state a claim. *See, e.g. Coastal Sunbelt Produce, LLC v. Saldivar and Associates, Inc.*, Civil Action No. 1:16cv449, 2016 WL 5661558, at *N 6 (E.D. Va. Sept. 1, 2016) (dismissing for failure to state a claim Count 7, which sought interest and attorneys' fees, but noting that the court would address the relief requested therein as remedies available under the remaining Counts 1-6). The relief requested should be addressed as remedies available under the relevant counts already alleged, and Castellini is free to amend the allegations relating to attorneys' fees within these counts should it feel necessary. The Court notes that Castellini has already appropriately requested attorneys' fees and interest as part of the prayer for relief (Doc. 18, p. 11). Accordingly, Count VII is dismissed with prejudice.

### II. Defendant Midland's Motion to Dismiss Count VII of Castellini's First Amended Complaint (Doc. 32)

Midland argues that Count VII of Castellini's First Amended Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Count VII of the First Amended Complaint fails to state a claim against Midland for the recovery of interest or its attorneys' fees. Specifically, Midland argues that Castellini cannot recover interest and attorneys' fees because there is no privity of contract between itself and Castellini.

For the reasons explained in section I above, Count VII has already been dismissed because PACA does not itself provide for a separate cause of action for attorneys' fees or interest. To the extent Midland argues that Castellini may not request attorneys' fees from

Midland at all, that argument fails for the following reasons.

In Count VI of Castellini's First Amended Complaint, Castellini alleges to be the beneficiary of a PACA trust, the assets of which were conveyed to Midland, and therefore Castellini seeks disgorgement from Midland of those assets in amounts sufficient to pay it as an unpaid seller of perishable agricultural commodities. Because Midland allegedly received trust assets held for the benefit of commodities sellers such as Castellini, Castellini alleges that Midland wrongfully holds these assets in breach of the trust, incurring liability to Castellini in the amount owed to it by Haag Food and the Garcia Defendants—$150,651.16, <u>plus interest and attorneys' fees</u>. Castellini alleges that, on all outstanding invoices sent by Castellini to Haag Food and the Garcia Defendants, Castellini placed the statutorily prescribed language notifying Haag Food and the Garcia Defendants that it was preserving its rights as a beneficiary to the PACA statutory trust, plus interest and attorneys' fees (Doc. 18, p. 5; Doc. 18-1, p. 3). As stated previously, produce suppliers with the requisite attorneys' fees and interest language on their invoices can collect reasonable attorneys' fees and interest as "sums owing in connection with such transactions," under 7 U.S.C. § 499e(c)(2). *See Country Best*, 361 F.3d at 632; *see also Middle Mountain*, 307 F.3d at 1224.

Midland has pointed to nothing indicating that Castellini cannot recover its interest and attorneys' fees as "sums owing in connection with" the transaction that is the subject of the PACA trust claim against a third party, such as Midland, who is alleged to have assumed the trust assets. Instead, case law suggests that interest and fees are payable from the PACA trust (or are included in the full amount of the PACA claim), regardless of who subsequently assumes the trust assets. *See, e.g. E. Armata, Inc. v. Platinum Funding*, 887 F. Supp. 590. 595 (E.D.N.Y. 1995) (interest and fees constituted "sums owing in connection with such

transaction" and were payable from the PACA trust and against the financial institution).

### III. Defendant Midland's Motion to Dismiss Freshway's First Amended Complaint in Intervention (Doc. 48)

Midland argues that Count VII of Freshway's First Amended Complaint in Intervention should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Count VII fails to state a claim against Midland for the recovery of interest or its attorneys' fees. Specifically, Midland argues, as it did in its Motion to Dismiss Castellini's First Amended Complaint, that Freshway cannot recover interest and attorney's fees because there is no privity of contract between itself and Freshway.

The First Amended Complaint in Intervention alleges that Freshway is the beneficiary of a PACA trust, the assets of which were conveyed to Midland, and therefore Freshway seeks disgorgement from Midland of those assets in amounts sufficient to pay it as an unpaid seller of perishable agricultural commodities. Freshway alleges that Midland wrongfully holds assets in breach of the trust, incurring liability to Freshway in the amount owed to it by Haag Food and the Garcia Defendants—$86,925.73. Freshway also alleges that, on all outstanding invoices sent by Freshway to Haag Food and the Garcia Defendants, Freshway placed the statutorily prescribed language notifying Haag Food and the Garcia Defendants that it was preserving its rights as a beneficiary to the PACA statutory trust (Doc. 40, p. 4).

Freshway does not allege, however, that it bargained for attorneys' fees and interest in their contacts, or that it placed attorneys' fees and interest language on all of its invoices. Because the First Amended Complaint in Intervention does not allege that Freshway bargained for attorneys' fees and interest in its contracts or placed the language on all of its invoices, Freshway cannot collect reasonable attorneys' fees and interest as "sums owing in

connection with such transactions," under 7 U.S.C. § 499e(c)(2).[2]

Because PACA does not create a separate cause of action for attorneys' fees or interest, Count VII is dismissed with prejudice. Additionally, based on the allegations within the First Amended Complaint in Intervention, Freshway is not entitled to seek attorneys' fees in connection with its PACA claim. Nonetheless, Freshway remains free to amend its allegations involving attorneys' fees as related to the remaining counts.

### IV. Motion for Default Judgment as to Defendant Haag Food (Doc. 43)

Castellini has filed a Motion for Default Judgment as to Haag Food, seeking $150,651.16 in PACA trust assets plus interest and attorneys' fees. Although the Clerk has entered default against Haag Food pursuant to Federal Rule of Civil Procedure 55(a), the case is ongoing as to the Garcia Defendants and Midland. The Garcia Defendants have filed a response contesting a default judgment at this stage of the case (Doc. 50).

Pursuant to Federal Rule of Civil Procedure 55, a default judgment may be entered against a party if that party has failed to plead or otherwise defend the action. FED. R. CIV. P. 55(b). A district court may enter a default judgment together with a final judgment in a case. *See Marshall & Isley Trust Co. v. Pate*, 819 F.2d 806, 811 (7th Cir. 1987) A default judgment is

---

[2] The Court acknowledges that Freshway, in its Response to Midland's Motion to Dismiss, states that "Intervening Plaintiff asserts an express contractual claim for attorneys' fees based on the following bargained term and condition of sale appearing on the face of each invoice issued to Haag." (Doc. 52, p. 4). In support of this argument, Freshway attaches one of fourteen unpaid invoices between Freshway and Haag Food (*See* Doc. 52, p. 10). Although the Court is generally confined to the four corners of a complaint when considering a motion to dismiss, documents attached to a plaintiff's response to a motion to dismiss can become part of the complaint pursuant to Federal Rule of Civil Procedure 10(c) if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Wright v. Assoc. Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994); *see also Geinosky v. City of Chi.*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012); *see also Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). The attached invoice is referenced in Freshway's First Amended Complaint in Intervention and is central to the claims alleged. Thus, the Court will consider it in deciding the Motion to Dismiss. Nonetheless, this single invoice does not establish that Freshway bargained for attorneys' fees on <u>each</u> of the invoices (and Freshway indicates there are thirteen more), nor does it say anything about interest (*See* Doc. 52, p. 10). Although Freshway mentions that, under state law, it would be entitled to recover a statutory rate of interest for any unpaid invoices under its breach of contract claim, this argument is largely undeveloped, Freshway cites to no authority for this proposition, and the argument is vaguely raised within a footnote.

not appropriate, however, if it would result in inconsistency among judgments of multiple defendants. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872). The Seventh Circuit has narrowly construed this notion and applied it only where the "theory of recovery is one of joint liability or when the nature of the relief is such that [it] is necessary that judgments against the defendants be consistent." *State Farm Mut. Auto. Ins. Co. v. Jackson*, 736 F.Supp. 958, 961 (S.D. Ind. 1990); *see also Home Ins. Co. of Il. v. ADCO Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998). Even when defendants are not jointly liable, they may be similarly situated such that a default judgment against some of them can produce an inconsistent, unfair outcome if the remaining defendants prevail on the merits. *Douglas v. Metro Rental Servs., Inc.*, 827 F.2d 252, 255 (7th Cir. 1987) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)); *see also Genova v. Kellogg*, 12 C 3105, 2015 WL 3930351, at *8 (N.D. Ill. Jun. 25, 2015). As an example, defendants who are parties to the same contract are similarly situated. *Douglas*, 827 F.2d at 255.

Although Castellini's First Amended Complaint alleges joint and severable liability, allegations of failure to maintain trust and dissipation of trust assets (Counts I and II) are identical as to the Garcia Defendants and Haag Food. Additionally, Castellini seeks judgment in the same amount against all defendants. In order to avoid the risk of inconsistent judgments, the Court denies the Motion for Default Judgment without prejudice. *See, e.g. Federal Fruit & Produce Company v. Liborio Markets*, Civil Action No. 12-cv-1145-WJM-BNB, 2013 WL 673252, at *1 (D. Co. Feb. 22, 2013) (denying the plaintiff's motion for default judgment without prejudice on similar grounds). Castellini is free to raise the issue again after the case against the non-defaulting defendants has been resolved.

## CONCLUSION

For the reasons explained above, the Garcia Defendants' Motion to Dismiss Counts IV and VII of Castellini's First Amended Complaint (Doc. 31) is **GRANTED**. Count IV, to the extent that it requests a declaration that the alleged debt of Haag Food and the Garcia Defendants is non-dischargeable in bankruptcy under 11 U.S.C. § 523(a)(4), is **DISMISSED without prejudice**, and Count VII is **DISMISSED with prejudice**.

Midland's Motion to Dismiss Count VII of Castellini's First Amended Complaint (Doc. 32) is **GRANTED in part** and **DENIED in part**. The motion is granted to the extent that it seeks to dismiss Count VII, but denied to the extent that Castellini may still request attorneys' fees and interest from Midland.

Midland's Motion to Dismiss Count VII of Freshway's First Amended Complaint in Intervention (Doc. 48) is **GRANTED.** Count VII of Freshway's First Amended Complaint is **DISMISSED with prejudice.** Freshway remains free to amend the allegations involving attorneys' fees as related to the remaining counts.

Castellini's Motion for Default Judgment (Doc. 43) is **DENIED without prejudice and with leave to re-file**.

Finally, the Court has noticed that Freshway has failed to file a Corporate Disclosure Statement as required by Local Rule 7.1. The Court **ALLOWS** Freshway, up to and including **January 24, 2017**, to do so.

**IT IS SO ORDERED.**

DATED:   **January 17, 2017**

> s/ Nancy J. Rosenstengel_____
> **NANCY J. ROSENSTENGEL**
> **United States District Judge**